IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH F. HERVEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1703-O |
| | § | |
| NESTLE USA, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants have filed a motion to dismiss this case for lack of subject matter jurisdiction. For the reasons stated herein, the motion should be granted.

I.

This is a *pro se* civil action brought by Keith F. Hervey, a citizen of Texas, asserting claims for negligence and strict liability in tort under Texas law. Although his complaint is difficult to decipher, it appears that plaintiff became ill after eating a Nestle's candy bar he purchased at a Raceway convenience store in Terrell, Texas. By this suit, plaintiff seeks more than $200 million in damages.

Defendants now move to dismiss the case for lack of subject matter jurisdiction. As grounds for their motion, defendants contend that the tort claims alleged by plaintiff do not arise under federal law and there is a lack of complete diversity between the parties. Plaintiff was ordered to file a written response to the motion by June 4, 2008, but failed to do so. The court therefore considers the motion without a response.

II.

A complaint must be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998), *quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs, *see id.* § 1332. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff sues defendants for negligence and strict liability in tort--claims that arise exclusively under Texas law. Therefore, in order to establish federal subject matter jurisdiction, plaintiff must demonstrate that complete diversity exists between the parties. Plaintiff has failed to meet that burden. In support of their motion, defendants have presented evidence showing that Tamanna, LLC owns and operates the Raceway store where plaintiff allegedly purchased the candy bar made the basis of this suit.[1] Tamanna is a Texas limited liability corporation with its principal place of business in Texas. Shirin Dhamani, a member of Tamanna since its inception, has been a citizen of Texas since 2000. (*See* Def. Mot., Dhamani Aff. at 1-2, ¶2). This evidence is sufficient to establish that Tamanna is a citizen of Texas for diversity purposes. *See HDNet MMA 2008 LLC v. Zuffa, LLC*, No. 3-08-CV-0442-G, 2008 WL 958067 at *2 (N.D. Tex. Apr. 9, 2008) (citing cases)

---

[1] Plaintiff mistakenly sued Raceway Petroleum, Inc. believing it owned the convenience store where he purchased the candy bar. In fact, the Raceway store is owned and operated by Tamanna, LLC. (*See* Def. Mot., Dhamani Aff. at 1-2, ¶ 2).

(citizenship of unincorporated association, such as a limited liability company, depends on the citizenship of its members). Because plaintiff also is a citizen of Texas, complete diversity does not exist between the parties.

## **RECOMMENDATION**

Defendants' motion to dismiss [Doc. #43] should be granted. This case should be dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE